PEOPLE *v.* NAPOLITANO.

PEOPLE *v.* KEDZIERSKI.

1. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

A police officer who believes, or has good reason to believe, that a person has committed a felony, or has good reason to believe, that a person is committing a felony in his presence, has probable cause to arrest the person without a warrant (CL 1948, § 764.15).

2. SEARCHES AND SEIZURES—PROBABLE CAUSE—NARCOTIC DRUGS—SUPPRESSION OF EVIDENCE.

Search and seizure of contraband by police officers when investigating a call at 10:55 p.m. at apartment in which defendants were present, after observing vials appearing to contain narcotic drugs, whereby there was obtained 83 morphine tablets, 91 codeine tablets, 40 pantopon tablets, and 251 grains of powdered opium *held*, not unlawful as in violation of either United States or State Constitutions prohibiting unreasonable searches and seizures, hence, motion to suppress the evidence and quash

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 25.
[2] 47 Am Jur, Searches and Seizures §§ 6–10, 54.
[3] 21 Am Jur 2d, Criminal Law §§ 449, 450.

the information was properly denied (US Const, Am 4; Mich Const 1963, art 1, § 11).

3. CRIMINAL LAW—BINDING OVER FOR TRIAL—DISCRETION OF COURT—EVIDENCE.

Record in prosecution for unlawful possession of narcotic drugs *held*, not to disclose an abuse of discretion on part of examining magistrate in binding defendants over for trial, there being ample evidence to support his finding of probable cause (CL 1948 and CLS 1961 §§ 335.51–335.98, 335.153).

Appeal from Recorder's Court; Gillis (Joseph A.), J. Submitted Division 1 November 2, 1965, at Detroit. (Docket No. 67.) Decided April 12, 1966. Leave to appeal denied by Supreme Court to defendant Kedzierski August 27,.1966. See 378 Mich 729.

Frank Sam Napolitano and Fred Ambrose Kedzierski were convicted for unlawful possession of narcotics without a license. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel E. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentalino,* Assistant Prosecuting Attorney, for the people.

*Nick Arvan,* for defendant.

WATTS, J. Frank Sam Napolitano and Fred Ambrose Kedzierski were convicted and sentenced for unlawfully possessing or having under their control certain narcotic drugs in violation of PA 1937, No 343, as amended (CL 1948 and CLS 1961, §§ 335.51–335.98, inclusive [Stat Ann 1957 Rev §§ 18.1071–18.1098, inclusive]) and PA 1952, No 266, § 3 (CLS 1961, § 335.153 [Stat Ann 1957 Rev § 18.1123]). The defendants appeal.

On March 19, 1963, at approximately 10:55 in the evening, 3 Detroit police officers went to an address known as 687 Brainard street, Detroit, in response to a call that something unusual was going on in apartment 208.

Officer Cowan had been a member of the Detroit police department for 9 years, and on 7 or 8 different occasions as a police officer, he had come in contact with situations involving narcotic drugs. He testified that the door to the apartment was opened by defendant Napolitano, who was holding a bag of trash in one hand and bending down to pick up a second bag; and that from the open doorway he observed vials in an open container which appeared to contain narcotic drugs. Cowan identified himself as a police officer, placed defendant Napolitano under arrest, walked in and picked up the vials. At that time he saw Fred Kedzierski standing in the apartment. Kedzierski was shirtless and his arm showed signs of fresh needle punctures of the skin. Kedzierski told the officers that he was a "user". Napolitano and Kedzierski were placed under arrest; they told the police officers that they did not live on the premises. When the officers searched the apartment incident to the arrest, they found narcotic drugs.

The information alleges that the defendants on March 19, 1963, in the city of Detroit, not then and there having a license as required, did then and there unlawfully possess and have under their control certain narcotic drugs, to wit: 83 morphine tablets, 91 codeine tablets, 40 pantopon tablets, and 251 grains of powdered opium.

The trial court held the arrest of the defendants lawful and the subsequent search and seizure of narcotic drugs reasonable; denied the defendants' motion to suppress the evidence, quash the informa-

tion, and discharge the defendants; received in evidence the narcotic drugs seized incident to the arrest; and found the defendants guilty of the alleged offense.

The defendants contend: (1) the search and seizure of the contraband in question was a violation of the Fourth Amendment of the Constitution of the United States; (2) the lower court erred in denying appellants' motion to suppress the evidence, quash the information, and discharge the defendants; (3) the search and seizure of the contraband in question was in violation of article 1, § 11, of the 1963 Michigan Constitution; and (4) the examining magistrate abused his discretion in binding the defendants over for trial, no probable cause having been shown at the preliminary examination.

The rule of law is well established that if a police officer believes, or has good reason to believe, that a person has committed a felony, or has good reason to believe that a person is committing a felony in his presence, he has probable cause to arrest the person without a warrant. See CL 1948, § 764.15 (Stat Ann 1954 Rev § 28.874).

The first three contentions of defendants were decided adversely to them in People v. Kuntze (1963), 371 Mich 419. See, also, People v. Orlando (1943), 305 Mich 686; People v. Licavoli (1928), 245 Mich 202; and People v. Chomis (1928), 223 Mich 289.

The record does not support defendants' fourth contention that the examining magistrate abused his discretion in binding defendants over for trial. The record contains ample evidence to support the magistrate's finding of probable cause.

Affirmed.

Lesinski, C. J., and Quinn, J., concurred.