PEOPLE *v.* GRIFFIN

1. Criminal Law—Arrest—Reasonableness.

  A police officer may not make an arrest on mere suspicion, but he may act on information which would justify a reasonable man's acting.

2. Criminal Law—Arrest—Reasonableness.

  Police had probable cause to believe that defendant had committed a crime and to arrest the defendant where two informers told the police that the defendant had stated, in the informers' presence, that he believed he had killed someone and that the defendant had had a disheveled appearance and bloodstained clothing, other witnesses corroborated the informers' reports, and the officers observed the defendant's bloodstained trousers and a cut over defendant's eye.

3. Criminal Law—Arrest—Legality—Appeal and Error.

  Once a defendant has gone to trial, it is too late for him to raise the legality of his arrest for the first time on appeal, because the question of probable cause to arrest does not go to the merits of the case.

REFERENCES FOR POINTS IN HEADNOTES
[1–3]  21 Am Jur 2d, Criminal Law §§ 3, 440, 441.
[4]  21 Am Jur 2d, Criminal Law §§ 313, 314.
[5]  47 Am Jur, Searches and Seizures § 12.
[6]  21 Am Jur 2d, Criminal Law §§ 454, 456.

4. CRIMINAL LAW—CRITICAL STAGES—RIGHT TO COUNSEL—ARRAIGNMENT—INCARCERATION—TAKING OF CLOTHING.

> Arraignment, incarceration, and the taking of clothing for investigatory purposes are not critical stages of a criminal proceeding requiring the assistance of counsel.

5. SEARCHES AND SEIZURES—PLAIN VIEW—BLOOD-SOAKED CLOTHING.

> Police officers' seizing blood-soaked clothing from a prisoner charged with a crime of violence is not unreasonable where the clothing is in the officers' plain view.

6. CRIMINAL LAW—ARRAIGNMENT—DELAY IN ARRAIGNMENT.

> A defendant is not entitled to a dismissal where there is a delay of two days between his arrest and his being brought before a magistrate, but neither a confession nor inculpatory statements were obtained.

Appeal from Mason, Charles A. Wickens, J. Submitted Division 3 April 2, 1971, at Grand Rapids. (Docket No. 9007.) Decided May 18, 1971. Leave to appeal denied, 385 Mich 775.

James Edgar Griffin was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Stewart H. Freeman,* Assistant Solicitor General, and *Robert D. Andrews, Jr.,* Prosecuting Attorney, for the people.

*John R. DeVries,* for defendant on appeal.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. Defendant was convicted of felony-murder following a trial by the court. MCLA § 750.316 (Stat Ann 1971 Cum Supp § 28.548).

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On this appeal by leave granted, counsel for defendant raises several assignments of error which he candidly admits were not timely raised below.

Initially, defendant asserts that he could not have been legally taken into custody by arresting officers because of the lack of probable cause.

Under applicable law, a peace officer may arrest without a warrant any person whom he suspects, on reasonable grounds, of having committed a felony when he has reasonable cause to believe that a felony has been committed. *People* v. *Panknin* (1966), 4 Mich App 19; MCLA § 764.15 (Stat Ann 1954 Rev § 28.874). While the officer may not arrest on mere suspicion, he may act upon information which would justify a reasonable man acting thereon.

In the present case, two citizens presented to the officers the underlying facts and circumstances from which they had drawn the inference that defendant had committed a homicide. Statements had been made in the presence of the informers by defendant that he believed he had killed someone. Mute testimony to the likelihood of this being true existed in the form of defendant's disheveled appearance and bloodstained clothing. On further investigation, other witnesses were discovered who amply corroborated the facts hereinbefore detailed. Arresting officers also observed the bloodstained trousers and the cut over defendant's eye. Given these facts, the officers could infer from the information on hand the commission of a crime by defendant and, hence, take him into custody.

In any event, since the question of probable cause does not go to the merits of the case, once defendant has gone to trial it is too late to question the legality of the arrest initially on appeal. *People* v. *Teal* (1969), 20 Mich App 176; *People* v. *Camak* (1967), 5 Mich App 655.

As his second assignment of error, defendant alleges that he was denied the effective assistance of counsel at various stages of the proceedings antecedent to trial, which he characterizes as critical: at the time he was incarcerated, at the time his clothing was removed for investigatory purposes, and at the arraignment.

Defendant's counsel, Mr. Lyman, the attorney whom defendant and his family requested to be appointed, was present at the trial and the preliminary examination.    Although counsel was not present at the arraignment and defendant claims that his constitutional rights were violated thereby, it is the settled law in Michigan that an arraignment does not constitute a critical stage of the proceedings.   Nor are there any indications that the particular circumstances herein rendered the proceeding critical, *i.e.,* defendant did not enter a plea or otherwise make any statement. *People* v. *Sullivan* (1969), 18 Mich App 1.   Similarly, according to the jurisprudence of this state, incarceration and the taking of clothing for purposes of investigation are not critical stages requiring assistance of counsel. *People* v. *Trudeau* (1970), 22 Mich App 246.

Next, allegations are made that an unnecessary delay in taking defendant before a magistrate subsequent to his arrest prejudicially affected defendant's rights by allowing the police time to remove defendant's clothing and to otherwise gather evidence.

According to the undisputed facts, the arrest occurred on Saturday, August 26, 1967, at 7:27 p.m. On the following Monday, August 28, the arraignment took place before a magistrate.   Defendant does not allege that he was subjected to questioning or that he made a confession during his incarcera-

tion.  See *People* v. *Hamilton* (1960), 359 Mich 410. Objections are made to the normal procedure followed by police in cases where they seize blood-soaked clothing from a prisoner charged with a crime of violence.  We perceive nothing unreasonable about the police removing clothing in plain view under such circumstances.  *People* v. *Carl Clark* (1967), 5 Mich App 672.  Where there is a delay of two days in bringing an accused before a magistrate, but neither a confession nor inculpatory statements are obtained in the meantime, defendant is not thereby entitled to a dismissal of the prosecution.  *People* v. *Nawrocki* (1967), 6 Mich App 46.

Lastly, defendant claims that he was denied the effective assistance of counsel at trial even though he and his family had requested the appointment of Mr. Lyman as trial counsel.  As evidence of the alleged incompetency of counsel, defendant relies upon various acts of commission or omission by counsel below.  He, further, makes repeated reference to the advanced age of Mr. Lyman and the fact of trial counsel's death a few weeks after conclusion of the trial.

In Michigan the standard for relief from a trial conviction on the grounds of incompetent counsel is whether " * * * the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, or in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation".  *Williams* v. *Beto* (CA 5, 1965), 354 F2d 698, 704; *People* v. *Degraffenreid* (1969), 19 Mich App 702.

An examination of the record discloses that counsel had an adequate opportunity for preparation and that he competently represented defendant under

the circumstances.   The right to effective assistance of counsel does not necessarily assure a result acceptable to defendant and " * * * the possibility that a different attorney could have obtained a better result does not imply that defendant did not have the effective assistance of counsel".   *People* v. *O'Guin* (1970), 26 Mich App 305, 306.   Neither are we disposed to second-guess trial counsel on questions of strategy.[1]   *People* v. *White* (1970), 25 Mich App 176.

Affirmed.

All concurred.

---

[1] Although defendant contends that he waived jury trial because Mr. Lyman allegedly indicated that his physical condition precluded an arduous jury trial, counsel's vigorous performance belies such statements.   Undoubtedly, a salient consideration in waiving this right was counsel's reasonable apprehension that the rather abhorrent nature of the alleged crime, involving the brutal beating, rape, and murder of an elderly widow, could affect a jury's deliberations.