PEOPLE v JOHNSON

1. Arrest—Criminal Law—Arrest Without Warrant—Investiga-
   tory Stops—Criminal Activity Afoot—Probable Cause.

   Probable cause to arrest without a warrant is not necessary for
   an investigatory stop; what is necessary is a reasonable belief
   that criminal activity may be afoot.

2. Arrest—Criminal Law—Arrest Without Warrant—Probable
   Cause—Statutes.

   Any peace officer may, without a warrant, arrest a person when a
   felony has been committed and he has reasonable cause to
   believe such person committed it (MCLA 764.15[c]; MSA
   28.874[c]).

3. Arrest—Criminal Law—Arrest Without Warrant—Probable
   Cause.

   The reasonable or probable cause required to support an arrest
   without a warrant stems from some fact, circumstance, or
   information which creates an honest belief in the mind of a
   reasonable, prudent man that the person arrested has commit-
   ted a felony; actual facts creating an actual belief can alone
   give rise to probable cause.

4. Arrest—Criminal Law—Arrest Without Warrant—Suspicion
   of Criminal Activity—Probable Cause.

   A suspicion of criminal activity is an insufficient basis on which
   to justify an arrest without a warrant.

References for Points in Headnotes

[1, 3, 4] 5 Am Jur 2d, Arrest §§ 44, 45.
What constitutes probable cause for arrest—Supreme Court cases.
28 L Ed 2d 1978.
[2] 5 Am Jur 2d, Arrest § 24 *et seq.*
[5] 68 Am Jur 2d, Search and Seizure §§ 37, 93.
[6, 7] 68 Am Jur 2d, Search and Seizure §§ 84, 85, 89–91.
Constitutionality of searching premises without search warrant as
incident to valid arrest—Supreme Court cases. 23 L Ed 2d 966.
[7] 68 Am Jur 2d, Search and Seizure § 88.
[8] 29 Am Jur 2d, Evidence § 425.
Modern status of rule governing admissibility of evidence obtained
by unlawful search and seizure. 50 ALR2d 531.

5. Arrest—Criminal Law—Arrest Without Warrant—Probable Cause—After-Acquired Facts.

Information obtained after an arrest without a warrant can have no bearing on the determination of probable cause to make the arrest; therefore, a defendant's statements and articles discovered after a search of his person are not articulable facts giving the police probable cause to make the arrest.

6. Arrest—Criminal Law—Arrest Without Warrant—Probable Cause—Person's Home—Forcible Intrusion.

It is impermissible to allow law enforcement officials to forcibly intrude upon the privacy of a person's home to obtain the factual bases required for probable cause to make an arrest without a warrant.

7. Searches and Seizures—Without Warrant—Plain View—Justifiable Intrusion.

Police officers must be rightfully in a position in which evidence is plainly visible in order to apply the plain view doctrine; to justify a seizure of evidence without a warrant, there must be a prior justification for the officer's intrusion and discovery of the evidence must be inadvertent.

8. Searches and Seizures—Probable Cause—Inadmissible Evidence.

A finding of probable cause for a search and seizure without a warrant cannot be grounded on legally inadmissible evidence.

Appeal from Oakland, Steven N. Andrews, J. Submitted December 8, 1977, at Lansing. (Docket No. 77-1106.) Decided January 24, 1978.

Charles Johnson was charged with delivery of a controlled substance. Defendant's motion to suppress evidence and quash the information was granted. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Robert Mann,* for defendant.

Before: R. B. Burns, P. J., and Allen and R. M. Maher, JJ.

Per Curiam. On February 10, 1976, defendant was arrested and charged with delivery of a controlled substance, MCLA 335.316; MSA 18.1070(16) and MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). After a preliminary examination in the district court, defendant was bound over for trial to the circuit court. On February 17, 1977, the circuit court entered an order granting defendant's motion to suppress the evidence and quash the information. The people appeal as of right.

According to testimony given at the preliminary exam, George Hartley, a Ferndale undercover officer assigned to the Oakland County Narcotics Enforcement Team, met with Palmer Johnson, an unnamed codefendant, in the parking lot of an apartment complex in Southfield. Hartley and Palmer Johnson conversed briefly about Hartley's purchase of cocaine from Palmer Johnson. During the conversation another car pulled into the parking lot; Palmer Johnson stated, "That is my man"; after walking over he entered the other car which left the immediate area. Officer Hartley could not describe the driver of the car nor could he determine whether the car proceeded to park in the apartment lot.

A second undercover officer, on surveillance inside the apartment building in a small room off the lobby, saw Palmer Johnson and another man come into the building but could not see well enough to identify the other man. The officer watched them get on the elevator and then observed at which floor the elevator stopped. He next saw Palmer Johnson, wearing a brown coat and black gloves, come off the elevator alone and leave the apartment building.

Palmer Johnson returned to Officer Hartley's car where the two discussed the purchase of cocaine. They settled on a price of $1,630 for an ounce. Palmer Johnson then departed the vehicle and reentered the apartment building. He signed the register in the main foyer and took the elevator to the eighth floor. Ten or fifteen minutes later, he reappeared without the brown coat and gloves he had been wearing. He delivered the cocaine in a clear plastic bag. Officer Hartley paid the $1,630 and promptly arrested Palmer Johnson.

The second undercover officer, after learning of Palmer Johnson's arrest, checked with the desk guard and learned that Palmer Johnson had jotted down apartment 804 in the register. The officer, along with four or five other men, without either a search warrant or an arrest warrant, proceeded to the eighth floor, approached apartment 804 and knocked on the door. Someone inside asked who was there. The officer identified himself.

In the next four or five minutes, the officer testified, he heard doors opening and closing, water running, and a toilet flushing. During this four to five minute period, the police continued pounding on the door and yelling obscenities at the occupant.

At length, defendant Charles Johnson opened the door. He was wearing black trousers with a white substance on them, later determined to be cocaine. The officer could see a brown coat folded on a chair in the living room. Charles Johnson was then informed he was under arrest.

Defendant lay spread-eagled on the floor of the apartment with two officers standing over him while he was advised of his rights. During this time, defendant made the statements that he had flushed three dope quarters of cocaine down the

toilet; that the cocaine delivered to Officer Hartley was mostly mixed; and that he did not have much cocaine left.

At the preliminary examination the district court found that a crime was committed and that there was probable cause to believe that defendant committed the crime. The circuit court, however, determined that the arrest of Charles Johnson was illegal because the police were without probable cause. Consequently, the court found the evidence seized—the pair of pants—was unlawfully obtained and granted defendant's motion to suppress.

The prosecutor relies upon the stop and frisk cases—*Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), and its progeny—to justify the arrest of defendant. In so relying, the prosecutor as much as admits the lack of probable cause, since that line of cases, as is pointed out in the prosecutor's brief, deals with forcible stops of individuals in connection with the investigation of possible criminal behavior, even though there is no probable cause to make an arrest.

Probable cause to arrest is not necessary for an investigatory stop. What is necessary is a reasonable belief that criminal activity may be afoot. *People v Lillis,* 64 Mich App 64; 235 NW2d 65 (1975). But the reliance on *Terry v Ohio, supra,* is misplaced. The police conduct here involved was much more than a stop and frisk to ask defendant his name, his address and for an explanation of his activities. It was a forcible intrusion into defendant's home by five or six police officers pounding on the door and yelling obscenities.

Only if probable cause existed could police make a valid warrantless arrest of the defendant. The statute states, "Any peace officer may, without a warrant, arrest the person * * * when a felony

has been committed and he has reasonable cause to believe that such person has committed it". MCLA 764.15(c); MSA 28.874(c).

Reasonable or probable cause stems from some fact, circumstance or information which creates an honest belief in the mind of a reasonable and prudent person. *People v Napolitano,* 2 Mich App 601; 141 NW2d 356 (1966), *People v Langston,* 57 Mich App 666; 226 NW2d 686 (1975). Actual facts creating an actual belief can alone give rise to probable cause. *People v Panknin,* 4 Mich App 19; 143 NW2d 806 (1966).

The only actual fact linking defendant to criminal activity was that Palmer Johnson signed the register at the desk with the notation "apartment 804". When police approached the apartment, they had only a suspicion of criminal activity, an insufficient basis on which to justify an arrest. *People v Griffin,* 33 Mich App 474; 190 NW2d 266 (1971), *People v Harold Williams,* 63 Mich App 398; 234 NW2d 541 (1975).

The police had no other bases upon which probable cause could be predicated. Information obtained after the arrest can have no bearing on the determination of probable cause. *People v Gwinn,* 47 Mich App 134; 209 NW2d 297 (1973). Defendant's statements and the articles discovered after a search of his person, therefore, are not articulable facts giving the police probable cause to make an arrest. There were no facts connecting defendant directly to the crime for which Palmer Johnson was arrested.

The pants seized by the police do not provide the necessary probable cause, nor does anything the officers may have seen in the apartment. Defendant opened his door only after the police pounded on it continuously and yelled abusively at him

inside. Such conduct is essentially coercive; defendant did not consent to the police entrance. What the police saw when the door was opened must be discounted for the probable cause determination. Before they forced defendant to open the door of his home, no probable cause existed to arrest or to search. It is impermissible to allow law enforcement officials to forcibly intrude upon the privacy of a person's home to obtain the factual bases required for probable cause.

The prosecutor argues further that the laboratory report which stated that defendant's pants were sprinkled with cocaine was admissible in evidence since the pants were seized after a plain view search. We disagree.

For the plain view doctrine to apply, the officers must be rightfully in a position in which evidence is plainly visible, there must be a prior justification for the officers' intrusion and discovery of the evidence must be inadvertent. *People v Harden,* 54 Mich App 353; 220 NW2d 785 (1974). The police must see contraband from a place where they have a right to be. *People v Walker,* 64 Mich App 138; 235 NW2d 85 (1975).

Only after intimidating police behavior did defendant open his door, allowing the officers to see his cocaine-covered pants. Defendant did not willingly open the door but was harassed by the police until he opened it. The initial intrusion was not otherwise legitimate. The police were not properly in the place. As the requisites were not met, the pants could not have been seized as the result of a plain view search. *People v Walker, supra.* As evidence, the pants were legally inadmissible. A finding of probable cause cannot be grounded on legally inadmissible evidence. *People v Staffney,* 70 Mich App 737; 246 NW2d 364 (1976). Here the

evidence was the product of impermissible police conduct. Because it was the only evidence introduced, the circuit court acted properly in suppressing the evidence and quashing the information.

The decision of the circuit court is affirmed. Our disposition of this case does not preclude the prosecutor from bringing defendant to trial on the basis of other legally admissible evidence.