PEOPLE v DAVENPORT

Docket No. 44906. Submitted June 13, 1980, at Detroit.—Decided
August 28, 1980. Leave to appeal applied for.

Donald J. Davenport was convicted of attempted breaking and
entering of an occupied dwelling with intent to commit larceny,
in Wayne Circuit Court, William J. Giovan, J.

At the preliminary examination, a neighbor of the complain-
ant testified that she observed a thin man wearing a blue-
hooded coat, light pants and dark shoes walking on the com-
plainant's property. The neighbor, thereupon, called the police
and gave them a description.

The arresting police officer testified that he heard the broad-
cast of the description and was driving in the vicinity a few
minutes later when he observed the defendant walking down
the street. The defendant was wearing a dark-blue snorkel
jacket, light-blue pants and white tennis shoes. The officer
approached the defendant and told him to put his hands on the
hood of the car. The officer told the defendant he was under
arrest for "investigation of B & E". The officer stated that he
did not fear for his life, yet he searched the defendant. He
reached into defendant's pockets and pulled out a screwdriver
and several garbage bags.

The defendant moved to suppress evidence of the screwdriver
and garbage bags. The trial court held that the officer had
probable cause to arrest the defendant for breaking and enter-
ing and that the search was valid as being subsequent to a
lawful arrest. Alternatively, the judge held that the search of
defendant was valid as being a pat-down for weapons based
upon the officer's reasonable belief that criminal activity was
afoot.

The defendant appeals alleging that the trial court erred in

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Search and Seizure §§ 33, 58, 103.
   Law enforcement officer's authority, under Federal Constitution, to
   "stop and frisk" person—Supreme Court Cases. 32 L Ed 2d 942.
[2] 68 Am Jur 2d, Search and Seizure § 41 et seq.
[3] 5 Am Jur 2d, Arrest § 24.
   75 Am Jur 2d, Trial § 360.
[4] 5 Am Jur 2d, Arrest § 45.

denying his motion to suppress evidence of a screwdriver and garbage bags seized from him immediately after his arrest. *Held:*

1. A police officer who reasonably believes that a suspicious person is armed and dangerous may "pat down" the suspect for weapons where a reasonable suspicion exists that crime is afoot. Here, the officer "searched" the defendant, thereby impermissibly expanding the scope of the investigation beyond a "pat down" and, therefore, the search cannot be justified.

2. A police officer may conduct a warrantless search when he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that the arrested person committed it. The officer's belief may be based on information received over a police radio, but the facts must be sufficient to create an honest belief in the mind of a reasonable and prudent man that the person arrested has committed a felony and they must create an actual belief, not mere suspicion, in the mind of the arresting officer. Here the trial court abused its discretion in ruling the arrest was legal.

3. It is illegal to arrest a suspect for "investigation of a crime". The arrest being unlawful, here, the subsequent search and seizure was also illegal.

Reversed and remanded.

1. CRIMINAL LAW — POLICE OFFICERS — PAT-DOWN.

A police officer who reasonably believes that a suspicious person is armed and dangerous may "pat down" the suspect for weapons where a reasonable suspicion exists that crime is afoot.

2. SEARCHES AND SEIZURES — POLICE OFFICERS — WARRANTLESS SEARCHES — STATUTES.

A police officer may conduct a warrantless search when he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that the arrested person committed it; the officer's belief may be based on information received over a police radio, but the facts must be sufficient to create an honest belief in the mind of a reasonable and prudent man that the person arrested has committed a felony and they must create an actual belief, not mere suspicion, in the mind of the arresting officer (MCL 764.15 *et seq.;* MSA 28.874 *et seq.).*

3. ARREST — PROSECUTING ATTORNEYS — WARRANTLESS ARRESTS — PROBABLE CAUSE — APPEAL.

The prosecuting attorney has the burden of establishing that an arrest without a warrant is supported by probable cause, and

once a trial judge has found that the prosecutor has met that burden, his decision will be reversed only if it constitutes an abuse of discretion.

4. ARREST — INVESTIGATION OF CRIMES.
   It is illegal to arrest a suspect for "investigation of a crime".

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant appeals his jury conviction of attempted breaking and entering of an occupied dwelling with intent to commit larceny, MCL 750.110, 750.92; MSA 28.305, 28.287.

Defendant alleges that the trial court erred in denying his motion to suppress evidence of a screwdriver and garbage bags seized from him immediately after his arrest. The trial court relied upon the preliminary examination transcript in holding that the search and seizure of the evidence was lawful.

At the examination, a neighbor of the complainant stated that she saw a thin man wearing a blue-hooded coat, light pants and dark shoes walking on the complainant's property. She did not think that he belonged there, so she called the police and gave them his description. A little while later, she observed the man walking away from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the house. She could not see the man's face because the coat hood was up.

The arresting officer testified that he heard the broadcast of the description and was driving in the vicinity a few minutes later when he observed the defendant walking down the street. This was about two blocks from the scene of the crime. The defendant was wearing a dark-blue snorkel jacket, light-blue pants and *white* tennis shoes. He was not doing anything suspicious. The officer approached the defendant and told him to put his hands on the hood of the car. He told him that he was under arrest for "investigation of B & E". The officer stated that he did not fear for his life, yet he searched the defendant. He reached into defendant's pockets and pulled out a screwdriver and several garbage bags.

The trial court held, at the hearing on the motion to suppress evidence of the screwdriver and garbage bags, that the officer had probable cause to arrest the defendant for breaking and entering and that the search was valid as being subsequent to a lawful arrest. Alternatively, the judge ruled that the search was valid as being a pat-down for weapons based upon the officer's reasonable belief that criminal activity was afoot.

We disagree with both conclusions and reverse the conviction.

Where a reasonable suspicion exists that crime is afoot and the officer reasonably believes that a suspicious person is armed and dangerous, he may "pat down" the suspect for weapons. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). *Terry* is not applicable to the case at bar since the officer stated that he was not fearful for his safety. *Terry, supra,* 23-25. Furthermore, he stated that he searched the defendant, thereby impermissibly

expanding the scope of the investigation beyond a *"Terry* pat down". *People v Rosales,* 406 Mich 624; 281 NW2d 126 (1979). Therefore, the search cannot be justified on the basis of *Terry, supra.*

Alternatively, the trial court held that the search was valid as being conducted subsequent to a lawful arrest.

A police officer may conduct a warrantless search when he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that the arrested person committed it, MCL 764.15(d); MSA 28.874(d). The officer's belief may be based on information received over a police radio, MCL 764.15(f); MSA 28.874(f).

The facts must be sufficient to create an honest belief in the mind of a reasonable and prudent man; that is, they must evince good reason to believe that the person arrested has committed a felony. *People v Napolitano,* 2 Mich App 601; 141 NW2d 356 (1966). Not only must the facts be sufficient, but they must create an actual belief in the mind of the arresting officer. Mere suspicion is insufficient. *People v Panknin,* 4 Mich App 19; 143 NW2d 806 (1966), *People v Griffin,* 33 Mich App 474; 190 NW2d 266 (1971), *lv den* 385 Mich 775 (1971).

The prosecution has the burden of establishing that an arrest without a warrant is supported by probable cause. *People v Langston,* 57 Mich App 666, 672; 226 NW2d 686 (1975). Once a trial judge has found that the prosecutor has met that burden, his decision will be reversed only if it constitutes an abuse of discretion. *Id.,* 673, 674. *People v Thatcher,* 83 Mich App 527, 529; 269 NW2d 210 (1978).

Based upon these general principles, we hold that the trial court abused its discretion in ruling

that the arrest was legal. First, we do not think that the prosecution met its burden of proving that the officer had probable cause to arrest the defendant. The description given by the neighbor did not exactly match the defendant's appearance. Also, the defendant was not doing anything suspicious when he was stopped. Furthermore, the officer did not know that a felony had occurred when he stopped the defendant, since only a suspicious trespasser had been reported. Finally, the officer did not have an "actual belief" that the defendant committed a crime, as evidenced by the fact that he arrested the defendant for "investigation of B & E".

The trial court's ruling must fail on other grounds. While we recognize that it is not improper to stop an individual for questioning under the *Terry* doctrine, it is illegal to arrest a suspect for "investigation of a crime". *People v Martin,* 94 Mich App 649; 290 NW2d 48 (1980), *Brown v Illinois,* 422 US 590; 95 S Ct 2254; 45 L Ed 2d 416 (1975). The arrest being unlawful, the subsequent search and seizure was also illegal.

In view of the foregoing, we need not address the other issues raised.

Reversed and remanded.