PEOPLE v O'NEAL

Docket No. 99602. Submitted October 6, 1987, at Lansing. Decided
March 9, 1988.

Charles W. O'Neal was arrested as he was carrying a videocas-
sette recorder toward a car known by the arresting officers as
having been stolen. Upon investigation, it was determined that
the VCR and money defendant had on him had been stolen from
a house near where the car was parked. O'Neal was charged in
Oakland Circuit Court with receiving and concealing stolen
property, breaking and entering an occupied dwelling with
intent to commit larceny, and being an habitual offender,
fourth felony. Defendant moved to suppress the evidence,
claiming that he was arrested without probable cause. The
motion was denied, Robert C. Anderson, J. Defendant then pled
guilty to the breaking and entering and habitual offender
charges in exchange for dismissal of the receiving and conceal-
ing charge. Defendant was sentenced and now appeals, claim-
ing the trial court erred in denying his motion to suppress. The
prosecutor claims that this issue was waived by defendant's
guilty plea, but defendant contends that he tendered a condi-
tional guilty plea, thereby preserving the issue for appeal. In
the alternative, defendant contends the discussion in which the
prosecutor agreed to allow defendant to appeal the denial of his
motion to suppress despite the guilty plea was a promise of
leniency and that, if he is not now allowed to appeal, his plea
must be vacated.

The Court of Appeals held:

1. Because it could not be determined from the record
whether a conditional plea was made, the Court of Appeals,

REFERENCES

Am Jur 2d, Appeal and Error § 271.

Am Jur 2d, Arrest §§ 1, 24 et seq.

Am Jur 2d, Evidence §§ 425-427.

Am Jur 2d, Searches and Seizures §§ 2, 37.

Plea of guilty as waiver of claim of unlawful search and seizure. 20
ALR3d 724.

What constitutes probable cause for arrest—Supreme Court cases.
28 L Ed 2d 978.

instead of remanding the issue for an evidentiary hearing, decided that in the interest of judicial economy it would decide the issue on the merits.

2. The trial court's finding that there was probable cause to arrest defendant is not clearly erroneous. Given the legality of the arrest, the subsequent search of defendant was also valid. The decision of the trial court denying the defendant's motion to suppress is affirmed.

Affirmed.

1. SEARCHES AND SEIZURES — GUILTY PLEAS — APPEAL — SUPPRESSION OF EVIDENCE.

A defendant may, after pleading guilty, appeal a decision denying a motion to suppress evidence where the defendant could not be prosecuted if his claim that a constitutional right against unreasonable search and seizure was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea; if they so agree, the defendant may offer a conditional plea of guilty, and, after his conviction on such a plea, he may appeal from the adverse ruling on his search and seizure claim.

2. WORDS AND PHRASES — ARREST.

A person has been arrested only if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave, i.e., when, by means of physical force or show of authority, his freedom of movement is restrained.

3. ARREST — ARREST WITHOUT WARRANT — PROBABLE CAUSE.

A police officer without a warrant may arrest a person where he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that the arrested person committed it; the facts must be sufficient to create an honest belief in the mind of a reasonable and prudent man that the person arrested has committed a felony; mere suspicion is insufficient (MCL 764.15[d]; MSA 28.874[d]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *L. Brooks Patterson*, Prosecuting Attorney, *Robert C. Williams*, Chief, Appellate Division, and *Richard H. Browne*, Assistant Prosecuting Attorney, for the people.

*Neil P. Murphy*, for defendant on appeal.

Before: SULLIVAN, P.J., and H. HOOD and M. E. CLEMENTS,* JJ.

PER CURIAM. Defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and being a habitual offender, fourth felony, MCL 769.12; MSA 28.1084. In exchange, the prosecutor dismissed a charge of receiving and concealing stolen property. Defendant was sentenced to five to fifteen years imprisonment and appeals as of right.

On appeal, defendant claims that the trial court erred in denying his motion to suppress, in which he alleged that he was arrested without probable cause, and that all the items listed in his motion were the fruits of the illegal arrest and, hence, must be suppressed. The prosecutor claims that this issue is waived by defendant's guilty plea. In response, defendant claims that he tendered a conditional guilty plea, thereby preserving the issue for appeal. In the alternative, defendant claims that the discussion in which the prosecutor agreed to allow defendant to appeal the denial of his motion to suppress despite his guilty plea was a promise of leniency. Defendant claims that if he is now not allowed to appeal, his plea must be vacated under *In re Valle,* 364 Mich 471; 110 NW2d 673 (1961), and *People v Johnson,* 386 Mich 305; 192 NW2d 482 (1971). In those cases, the Court held that if the evidence establishes that the prosecutor or judge has made a statement which defendant fairly interpreted as a promise of leniency, and the statement is unfulfilled, the plea may be withdrawn.

A defendant may, after pleading guilty, appeal a decision denying a motion to suppress evidence where the defendant could not be prosecuted if his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claim that a constitutional right against unreasonable search and seizure was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea. If they so agree, the defendant may offer a conditional plea of guilty, and, after his conviction on such a plea, he may appeal from the adverse ruling on his search and seizure claim. *People v Reid,* 420 Mich 326, 337; 362 NW2d 655 (1984). See also *People v Kim Williams,* 160 Mich App 738; 408 NW2d 540 (1987).

In the instant case, there is nothing in the record to support defendant's claim that he made a conditional guilty plea. The word "conditional" does not appear in the guilty plea transcript. However, defendant claims that an agreement was made off the record by defense counsel and the prosecutor that defendant be allowed to appeal the denial of his motion to suppress, although pleading guilty. There is a point in the transcript where counsel approached the bench and had a discussion off the record. Defendant submits an affidavit in which defense counsel, the affiant, states that during this discussion the parties agreed that defendant would be able to preserve the search and seizure issue for appeal. No motion was ever made in the trial court to clarify the question of a conditional plea, nor has a motion to remand been made in this Court.

Although *Reid* does not state that an agreement to enter a conditional plea must be made on the record, we urge the bench and bar to make these agreements clearly on the record. This will eliminate problems such as the problem encountered in the instant case.

We note that this case is not one where defendant was promised leniency by the prosecutor or the judge, which promise was unfulfilled by them,

as in *Valle* and *Johnson, supra.* Therefore, *Valle* and *Johnson* are inapposite.

Since we cannot determine from the record whether defendant pled guilty conditionally and whether the conditional guilty plea was agreed to by the prosecutor, defense counsel, and the judge, as required in *Reid,* we could remand this case for an evidentiary hearing before a different judge to determine whether the *Reid* requirements were met. In the interest of judicial economy, however, we choose to proceed as though a conditional plea was in fact made and to decide the issue on the merits.

The charges arose out of an incident which occurred on August 16, 1986, in Franklin, Michigan. Officer Edward Girardot of the Franklin Police Department received a telephone call from a citizen who said that a suspicious automobile was parked in front of her house in violation of a no-parking ordinance. Officer Girardot ran a LEIN check on the vehicle and discovered that it had been stolen a few days before. Officer Girardot and his partner went to the scene and touched the hood of the automobile, which was still hot. The officers hid themselves in a large spruce tree near the house in front of which the automobile was parked. Approximately fifteen minutes later, defendant came into their view, walking diagonally across the lawn near the spruce tree and towards the automobile. Defendant was carrying a large gray metal box. The officers stepped from behind the tree, identified themselves, drew their weapons, and ordered defendant to drop the box and lie on the ground. Defendant did so. The grey box was a videocassette recorder. The officers took a set of keys from defendant's possession, tried them in the ignition of the stolen vehicle, and discovered that the keys fit. The officers then told defendant

he was under arrest and gave him his *Miranda*[1] warnings. Defendant made an exculpatory statement. The officers then searched defendant's pockets and found two piles of money—one amounting to $78 and the other amounting to $4.

The officers summoned a tracking dog, which followed the scent of defendant's tracks to a nearby house. The back door of this house was smashed in. An hour later, when the occupants of the home returned, they found their VCR was missing. In addition, $78 was missing from the drawer of a dresser belonging to one of the occupants. When defendant was taken to the police station, he was again read his *Miranda* rights, whereupon defendant made another exculpatory statement, which differed from his first statement.

Defendant filed a motion to suppress evidence of the automobile, keys, $78, identification of the VCR recorder, and his statements, alleging that the police arrested him without probable cause merely for walking across the lawn with a VCR. Defendant alleged that all the items in his motion were the fruits of the illegal arrest. The court denied the motion, stating that the officers engaged in "good police work" and that they "had probable cause to act the way they did."

Appellate review of a lower court's grant or denial of a motion to suppress evidence is made under the clearly erroneous standard. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). A lower court's finding will be found to be clearly erroneous only where, although there is evidence to support the ruling, the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v United States Currency,* 148 Mich App 326, 329; 383 NW2d 633 (1986).

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Initially, we must determine whether defendant was in fact arrested at the time he was stopped while carrying the VCR across the lawn. The prosecutor claims that defendant was merely detained at this time and that the detention was warranted under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Defendant contends that he was arrested, not merely detained, and that, thus, probable cause was necessary. A person is seized (i.e., arrested) when, by means of physical force or show of authority, his freedom of movement is restrained. *United States v Mendenhall,* 446 US 544, 553; 100 S Ct 1870; 64 L Ed 2d 497 (1980). A person has been seized only if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave. *Id.* In *Mendenhall,* the Court cited the display of a weapon as an example of a circumstance which indicates a seizure. *Id.*

In the instant case, Officer Girardot pulled his weapon and told defendant to lie on the ground. Under these circumstances, a reasonable person would believe he was not free to go. Thus, defendant was arrested at that point.

In *People v Davenport,* 99 Mich App 687, 691; 299 NW2d 368 (1980), lv den 410 Mich 901 (1981), this Court set forth the rules on arrests without warrants:

> A police officer may conduct a warrantless [arrest] when he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that the arrested person committed it, MCL 764.15(d); MSA 28.874(d). . . .
>
> The facts must be sufficient to create an honest belief in the mind of a reasonable and prudent man; that is, they must evince good reason to believe that the person arrested has committed a felony. *People v Napolitano,* 2 Mich App 601; 141 NW2d 356 (1966). Not only must the facts be

sufficient, but they must create an actual belief in the mind of the arresting officer. Mere suspicion is insufficient. *People v Panknin,* 4 Mich App 19; 143 NW2d 806 (1966), *People v Griffin,* 33 Mich App 474; 190 NW2d 266 (1971), lv den 385 Mich 775 (1971).

The prosecution has the burden of establishing that an arrest without a warrant is supported by probable cause. *People v Langston,* 57 Mich App 666, 672; 226 NW2d 686 (1975).

As stated in *People v Lewis,* 160 Mich App 20, 25; 408 NW2d 94 (1987):

> When a defendant is detained or taken into custody by the police acting without a warrant, the detention is illegal unless the police have probable cause to arrest that defendant. *People v Hamoud,* 112 Mich App 348, 351; 315 NW2d 866 (1981), lv den 414 Mich 959 (1982). Probable cause to arrest exists when the facts and circumstances within the officers' knowledge are sufficient to a prudent person, or one of reasonable caution, to believe that the suspect has committed or is committing a felony. *People v Mitchell,* 138 Mich App 163, 167; 360 NW2d 158 (1984).

In the instant case, we believe that the trial court did not clearly err in its finding that Officer Girardot had probable cause to arrest defendant for possession of the stolen automobile. Officer Girardot knew that the automobile was stolen. The hood was hot, indicating that it had just been parked. He saw a lone man walking across the lawn toward the automobile, carrying a gray metallic box. These facts were sufficient to create an honest belief that defendant has committed the felony. Given the legality of the arrest, the subsequent search of defendant was also valid.

The decision of the trial court denying defendant's motion to suppress is affirmed.

Affirmed.