### PEOPLE v. LONDE.

1. CRIMINAL LAW—EVIDENCE—SEARCH AND SEIZURE—MOTION TO SUPPRESS EVIDENCE.
   In a prosecution for assault and robbery while armed with a dangerous weapon, a motion to suppress evidence obtained by the officers while searching defendant's room without a search warrant was properly denied, where compliance was not had with Circuit Court Rule No. 15; said motion not being made until after the case was called and the jury about to be impaneled.[1]

2. SAME—REASONABLE GROUNDS FOR MAKING ARREST.
   Refusal of the trial court to allow the police officer who made the arrest to answer whether or not he had reasonable grounds to believe that defendant had anything to

[1]Criminal Law, 16 C. J. § 1110.

do with the robbery before making the search, was not error, where the officer testified that he was acting on the description of the men wanted furnished by the man who was robbed.[2]

3. SAME—ROBBERY—IDENTIFICATION.
Testimony by the victim and another witness of the robbery that they identified defendant at police headquarters after his arrest as one of the robbers, and testimony by a police officer as to the circumstances under which the identification was made, was properly admitted.[3]

4. SAME—ALIBI—REQUESTED INSTRUCTION.
Refusal of a requested instruction regarding the testimony of an alibi witness was not error, where the subject-matter was fully covered in the general charge.[4]

Error to recorder's court of Detroit; Cotter (Thomas M.) J. Submitted January 15, 1925. (Docket No. 126.) Decided April 3, 1925.

Isadore Londe, *alias* Morris Katz, was convicted of assault and robbery while armed with a dangerous weapon, and sentenced to imprisonment for not less than 10 nor more than 20 years in the State prison at Marquette. Affirmed.

*Colombo, Colombo & Colombo,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Frank B. Ferguson,* Assistant Prosecuting Attorney, for the people.

McDONALD, C. J. The defendant was convicted in the recorder's court for the city of Detroit under an information charging him with the crime of assault and robbery while armed with a dangerous weapon with intent to kill or maim if resisted. The case is in this court on writ of error.

The people's testimony tends to show that on March 10, 1924, at about 1:15 o'clock in the afternoon, the

[2]Criminal Law, 17 C. J. § 3655; [3]Id., 16 C. J. § 1050; [4]Id., 16 C. J. § 2506.

defendant and two other men went to the store of one John Kay, who conducts a jewelry business on the second floor of the Book building on Washington boulevard, in the city of Detroit. Kay was alone at the time. One of the men covered him with a revolver and ordered him to hold up his hands. They then took his diamond scarfpin, about $58 in money from his pockets, and gathered up diamonds and jewelry of the value of $10,500, which they put into a brown bag and took away with them. Before leaving they bound and gagged Kay and threw him on the floor. Two days later the defendant and three others were taken into custody on another charge. They were in a Buick coupé. After giving a satisfactory explanation to the officers the defendant and two of the men were released. The other was held. After defendant's release the Buick coupé was searched and in it was found certain articles of jewelry which were later identified by Mr. Kay as belonging to him. Subsequently the defendant was arrested as he was coming out of the apartment in which he resided. In his rooms the officers found a revolver, a brown bag and a diamond bracelet. The bag and bracelet were identified by Mr. Kay. The defense was an alibi.

The record presents the following questions:

1. Did the court err in denying the motion to suppress evidence obtained by the officers in searching defendant's rooms without a search warrant? This court has held that a trial will not be stayed for the purpose of determining whether certain evidence has been illegally obtained; that the question raises a collateral matter and must be timely raised by motion in accordance with Circuit Court Rule No. 15, which requires that a copy of the motion, together with notice of argument, shall be served on opposing counsel at least four days prior to the date set for hearing. *People* v. *Vulje,* 223 Mich. 656; *People* v. *Boyd,* 228 Mich. 57. This motion was not made until after the

case was called and the jury was about to be impaneled. No notice was given the prosecuting attorney and no service as required by the rule. The motion was properly denied.

2. Did the court err in refusing to allow Arthur Ryckman, the police officer who arrested the defendant, to answer the following question:

"Did you have reasonable grounds to believe that this defendant, when you first saw him and before you went into the apartment, had anything to do with the Kay robbery?"

It was the view of the trial court that the witness was not required to give his conclusions as to what constituted reasonable grounds, but that he might state his reasons for making the arrest. The following statement of the witness fully and more properly gave counsel the information he was seeking.

"When I made the arrest I had with me a copy of the description of the men which I presume Mr. Kay gave me and was acting on that description. * * * I did not have any other reason for making the arrest in this case, except what I have stated."

3. The third question presented by the record relates to the ruling of the court in permitting witnesses Mrs. Evans and John Kay to testify that they identified the defendant in the show-up room at police headquarters, and in permitting John Donovan, a police officer, to testify as to what took place at the time of the identification. It was proper for the witnesses who had seen the men at the time of the robbery to testify that they later identified the defendant as one of them. And it was equally proper for the officer to testify under what circumstances the identification was made. That is as far as the witnesses were allowed to go in giving their testimony. Counsel's objection is without merit. It does not require further discussion.

4. Was it error for the court to refuse the following request to charge:

"I further instruct you that if the testimony of Urban John Murphy raises a reasonable doubt that the defendant was present at the time of the commission of the crime charged, it would be your duty to find the defendant not guilty."

This is a proper request and undoubtedly the court would have submitted it if he had not very fully and clearly covered the subject-matter in the general charge given. Urban John Murphy was the defendant's alibi witness. The court told the jury:

"The proof relating to an alibi does not throw the burden of proof upon the accused. * * * If after considering the testimony as to alibi and all the other testimony in the case, there still remains a reasonable doubt in your mind, then you must give the defendant the benefit of that doubt and acquit him. * * * So that if he was out with Murphy, riding around and getting a demonstration of this Essex car at the time the robbery was committed, if that is true, then he could not be found guilty in this case."

In view of the charge given, the refusal of the defendant's request was not error.

Other objections are urged against the charge as given, but we do not deem it necessary to discuss them. Considered in its entirety, we are impressed with the clearness and fairness of the charge. It fully protected the defendant in every right to which he was legally entitled. Our examination of the record discloses no reversible error. The defendant had a fair and impartial trial. The evidence of his guilt is so clear and convincing that a verdict of acquittal would have been a miscarriage of justice.

The judgment of conviction is affirmed.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.