PEOPLE *v.* PAYNE

1. Criminal Law—Sex Offenses—Evidence—Hearsay—Admissibility.

> A witness may testify to the content of statements made by a victim of a sex offense who is of tender years if the delay from the time of the incident to the time when the victim made the statements to the witness is adequately explained, because the statements are admissible as part of the *res gestae* of the crime.

2. Evidence—Hearsay—Harmless Error—Testifying Declarant.

> The error of admitting hearsay evidence is rendered harmless where the declarant of the out-of-court statement testifies to and substantiates the incompetent evidence.

3. Criminal Law—Evidence—Hearsay—Testifying Declarant—Cumulative Testimony.

> Admission of hearsay testimony of a policewoman in a prosecution for indecent liberties concerning what the victim, who was ten years old, had told her about the crime was not reversible error where the complainant testified and substantiated the policewoman's testimony, the testimony of the policewoman was largely cumulative of the victim's, and the trial court sat as trier of fact.

4. Criminal Law—Indecent Liberties Statute—Constitutional Law.

> The indecent liberties statute is not constitutionally void for vagueness; a penal statute proscribing sexually-offensive antisocial conduct is not unconstitutionally vague because it fails

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 719.
Time element as affecting admissibility of statements by victim of sex crime as res gestae. 19 ALR2d 579.
[2, 3] 29 Am Jur 2d, Evidence § 493 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 17.
[5] 53 Am Jur, Trial § 275 *et seq.*

to outline graphically the acts encompassed by the crime (MCLA 750.336).

5. CRIMINAL LAW—NONJURY CASES—FINDINGS OF FACT—COURT RULE.

The court rule requiring the court, in a nonjury case or in a case tried with an advisory jury, to make findings of fact and state separately its conclusions of law thereon does not apply to criminal cases (GCR 1963, 517.1).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 January 7, 1971, at Detroit. (Docket No. 9392.) Decided December 22, 1971. Leave to appeal denied, 388 Mich 760.

Joseph Payne was convicted of taking indecent liberties with a minor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia Pernick Boyle* and *Michael R. Mueller,* Assistant Prosecuting Attorneys, for the people.

*Ashley Gorman,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. Defendant was convicted of taking indecent liberties with a ten-year-old girl by a trial judge sitting without a jury. MCLA § 750.336 (Stat Ann 1954 Rev § 28.568). The victim testified that defendant, while visiting in her parents' home, touched her breasts, disrobed her, forced her to lie down, positioned himself on top of her, and made

overtly sexual movements while reclining thus. An older sister of the victim, returning home from shopping, found defendant and the victim together in a bedroom. As the older sister looked into the bedroom, the victim was pulling up her undergarments and slacks. The complainant was unable to testify whether defendant had effected genital penetration during the assault. A policewoman who interviewed the victim two days after the incident gave testimony which was largely cumulative of that given by the complainant. However, the policewoman related to the court that the child told her that defendant choked her during the assault and that he did, indeed, accomplish a penetration.

Defendant assigns as error the admission of the policewoman's hearsay testimony as to what the victim told her regarding the incident. In sex offenses, hearsay statements made by a victim of tender years to a witness who subsequently testifies to the content of these declarations are admissible as part of the *res gestae* of the crime if the delay from the time of the incident to the time of the conversation is adequately explained. *People* v. *Baker* (1930), 251 Mich 322; *People* v. *Davison* (1968), 12 Mich App 429.[1] However, we feel it is unnecessary to determine if this concededly hearsay testimony is admissible as a segment of the continuing *res gestae* of the crime; we hold that the error, if any, is harmless. The admission of hearsay is rendered harmless when the declarant of the out-of-court statement testifies to and substantiates the incompetent evidence. *People* v. *Hallaway* (1970), 25 Mich App 604. The testimony of the policewoman was

---

[1] The prosecution attempts to justify the two-day lag in reporting the complaint by the victim by alluding to the fact that the victim told the policewoman that defendant said he would choke her if she "hollered".

largely cumulative of that of the victim.[2]  Where inadmissible hearsay of this nature is presented to a trial court sitting alone, we can assume that its verdict rested upon evidence properly offered and not upon the inadmissible testimony.  *People* v. *Davison, supra,* at 433.

Further, defendant attacks the constitutionality of the indecent liberties statute as unduly vague.[3] We cannot accept this contention.  The legislation penalizes conduct that is of such character that the common sense of society regards it as indecent and improper.  *People* v. *Hicks* (1893), 98 Mich 86; *People* v. *Szymanski* (1948), 321 Mich 248; *People* v. *Healy* (1933), 265 Mich 317; *People* v. *Visel* (1936), 275 Mich 77; *People* v. *Lakin* (1938), 286 Mich 282; *People* v. *Brandt* (1969), 18 Mich App 267; *People* v. *Dexter* (1967), 6 Mich App 247; *Armstrong* v. *Bannan* (CA 6, 1959), 272 F2d 577.  A penal statute, proscribing sexually-offensive, anti-social conduct, is not unconstitutionally ambiguous because it fails " * * * to graphically outline the acts encompassed by the crime * * * ".  *People* v. *Green* (1968), 14 Mich App 250, 251.[4]

Finally, defendant took the stand to deny the allegations of the complainant.  The prosecutor on cross-examination and for the purposes of testing

---

[2] That the policewoman indicated that defendant entered the victim is not, in and of itself, significant since this fact need not be proven in an indecent liberties prosecution.  The testimony as to penetration cannot be said to have influenced the outcome.

[3] Defendant also challenges the statute as unconstitutionally discriminatory; we find this totally without merit.  While the legislation originally punished the misconduct of *males* only, the legislation was amended in 1954 to include females.  PA 1954, No 51, § 1.  Defendant's prosecution is under this later, amended version.

[4] See also, *People* v. *McMurchy* (1930), 249 Mich 147, 178, 179, in which it is noted that some crimes by their very nature must necessarily be couched in broad language so that the legislation can accomplish its end of proscribing socially undesirable conduct.  No legislation of this genus could ever possibly recite a litany of wrongdoing for which one remained criminally responsible.

defendant's credibility brought defendant's past convictions to light. It remains the law of Michigan that, whenever a defendant chooses to testify, his past convictions may be used by the prosecution to impeach his credibility. MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158); *People* v. *DiPaolo* (1962), 366 Mich 394; *People* v. *Cybulski* (1968), 11 Mich App 244; *People* v. *Roney* (1967), 7 Mich App 678.

The final allegation of error is that the trial court failed to make specific findings of fact at the conclusion of the case. While GCR 1963, 517.1, requires the court in a nonjury case or in a case tried with an advisory jury to make findings of fact and state separately its conclusions of law thereon, this court rule does not apply to criminal cases.

Affirmed.