PEOPLE v WASHINGTON

Docket No. 77-5070. Submitted May 4, 1978, at Grand Rapids.—Decided July 18, 1978.

Louis Washington was bound over on two counts of murder. At the preliminary examination Clarissa, the four-year-old daughter of the two murder victims, was allowed to testify. She was the only witness to the slayings. She testified that on the night of the killings, March 20, 1975, three men had entered the home where she lived with her parents and that one of the men was wearing a cast. She also testified that the man wearing a cast was carrying a gun. It was established by other witnesses at the preliminary examination that the defendant had been wearing a cast on one leg during the time in question. However, at the preliminary examination Clarissa was twice walked through the courtroom but she could not identify anyone present as being the person she had seen in her home the night of the killing. The defendant was present in the courtroom. The final witness at the preliminary examination was Kate Visser, a police detective. She testified that on March 21, 1975, she first interviewed Clarissa and that on March 25, 1975, she showed Clarissa ten photographs. Officer Visser further testified that Clarissa selected three photos, including that of the defendant, as being the men who entered her home on the night of the murder. Subsequent to being bound over the defendant filed a motion to quash the information. The motion to quash was denied, Kent Circuit Court, George R. Cook, J. The defendant appeals by leave granted, contending that it was reversible error for the examining magistrate to allow the admission of officer Visser's hearsay testimony concerning Clar-

[1] 21 Am Jur 2d, Criminal Law § 440 *et seq.*
[2] 29 Am Jur 2d, Evidence § 373.
 Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[3] 29 Am Jur 2d, Evidence §§ 496, 497.
[4] 29 Am Jur 2d, Evidence § 708 *et seq.*
 Time element as affecting admissibility of statements by victim of sex crime as res gestae. 19 ALR2d 579.

issa's prior identification of the defendant and to rely on that testimony to determine that there was probable cause to believe that the defendant was the person who committed the charged offenses. *Held:*

1. The hearsay testimony of Officer Visser was not admissible under the "tender years" exception to the hearsay rule.

2. The testimony also was not admissible as part of the res gestae because the statements by Clarissa were too remote in time to be considered spontaneous and unreflecting within the special context of the res gestae.

Reversed and remanded.

1. CRIMINAL LAW—EVIDENCE—PRELIMINARY EXAMINATION—LEGALLY ADMISSIBLE EVIDENCE—PROBABLE CAUSE.

The recognized rules of evidence apply at a preliminary examination; before an accused can be bound over by an examining magistrate there must be a showing from legally admissible evidence that a crime has been committed and that there is probable cause to believe that the accused committed it.

2. CRIMINAL LAW—EVIDENCE—OUT-OF-COURT IDENTIFICATION—THIRD-PERSON'S TESTIMONY.

A third party may not testify about another person's out-of-court identification of an accused.

3. EVIDENCE—CRIMINAL LAW—HEARSAY—TENDER YEARS EXCEPTION—VICTIM OF SEX OFFENSE.

The tender years exception to the hearsay rule is limited to allowing the admission of statements made to a third party by a young victim of an alleged sex offense.

4. EVIDENCE—STATEMENTS—RES GESTAE STATEMENTS.

In order for a statement to qualify as part of the res gestae (1) there must be a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting, (2) the statement must have been made before there has been time to contrive and misrepresent and (3) the statement must relate to the circumstances of the occurrence preceding it.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for the people.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda),* for defendant on appeal.

Before: D. E. Holbrook, Jr., P. J., and Bashara and R. M. Maher, JJ.

R. M. Maher, J. On October 27, 1977, defendant was bound over to Kent County Circuit Court on two counts of murder. MCLA 750.316, 750.317; MSA 28.548, 28.549. A motion to quash was filed on November 14, 1977, but an order denying that motion was entered on December 18, 1977. By order dated January 20, 1978, this Court granted leave to appeal.

Russell and Jacqueline Palmer were slain in their home on March 20, 1975. The only witness to the slayings was decedents' four-year-old daughter, Clarissa. She testified that during the evening three men, one of whom was armed with a gun, entered the home where she lived with her parents, brother and sister. Clarissa testified that the man carrying a gun was wearing a cast. Other witnesses had testified that during the period in question defendant was wearing a cast on one leg. At the preliminary examination, however, Clarissa was twice walked through the courtroom and could not identify anyone present as being the person she had seen in her home the night of the killings. Defendant was seated in the courtroom.

The final witness called on October 25, 1977, was Kate Visser, a police detective. She testified that on March 21, 1975, she first interviewed Clarissa and that on March 25, 1975, she showed her ten photographs. Visser testified that Clarissa selected three, including that of defendant, as being those of the men who entered her home on the night of the murders.

Defendant contends that the district court erred

reversibly at the preliminary examination in admitting Officer Visser's hearsay testimony concerning Clarissa Palmer's prior identification of defendant and in relying on that testimony in determining that there was probable cause to believe that defendant was the individual who committed the charged offenses.

At a preliminary examination the recognized rules of evidence apply. In *People v Charles D Walker*, 385 Mich 565; 189 NW2d 234 (1971), the Supreme Court held that at the preliminary examination there must be a showing *from legally admissible evidence* that a crime has been committed and that there is probable cause to believe that defendant committed it. See also *People v Gwinn*, 47 Mich App 134; 209 NW2d 297 (1973). Both parties agree that the testimony in question was hearsay: a third party may not testify about another person's out-of-court identification. *People v Poe*, 388 Mich 611; 202 NW2d 320 (1972).

But the people contend that Officer Visser's testimony as to Clarissa Palmer's identification of defendant was admissible under the "tender years" exception to the hearsay rule. That exception allows the admission into evidence of hearsay statements made by a victim of tender years who subsequently testifies to the content of those declarations. The delay from the time of the incident to the time of the conversation must be adequately explained. *People v Payne*, 37 Mich App 442; 194 NW2d 906 (1971).

The tender years exception is, however, limited in some respects. The prosecutor is able to point us to no case where the offense involved is not sex-related. *People v Gage*, 62 Mich 271; 28 NW 835 (1886), the first case to apply the exception, involved assault with intent to commit rape. Subse-

quent cases have seemingly all dealt with sex offenses. See *People v Hicks,* 98 Mich 86; 56 NW 1102 (1893), *People v Werner,* 221 Mich 123; 190 NW 652 (1922), *People v Bonneau,* 323 Mich 237; 35 NW2d 161 (1948). In *People v Payne, supra,* this Court, speaking specifically of the tender years exception, limited its definition with the words "In sex offenses". The crime at issue here is not a sex-related offense—it is murder.

Moreover, in all of the above mentioned cases the party whose statement has been allowed in despite its hearsay nature has been the victim of the alleged crime, the sex offense. Clarissa Palmer was not the victim of the crime in this case.

Nor is Clarissa's prior identification admissible as part of the res gestae. The murders took place March 20. Clarissa found her parents on March 21 but she made no identification statement until March 25. We believe the statement too remote in time to be part of the res gestae.

In order for a statement to qualify as part of the res gestae,

"(1) there [must] be a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) * * * the statement must have been made before there has been time to contrive and misrepresent and (3) the statement must relate to the circumstances of the occurrence preceding it. 3 Wigmore on Evidence § 1750 et seq." *Rogers v Saginaw-Bay City R Co,* 187 Mich 490, 494; 153 NW 784 (1915).

The delay between the slayings and Clarissa's statement removes her identification from that class of statements which may properly be called spontaneous and unreflecting within the special

context of the res gestae. See also *People v Woodward*, 21 Mich App 549; 175 NW2d 842 (1970).[1]

Since we find the hearsay statements inadmissible, we must reverse the circuit court order denying defendant's motion to quash. The matter is remanded to circuit court where the circuit judge may either dismiss or remand for further examination. If the case is so remanded, the Michigan Rules of Evidence, effective March 1, 1978, will govern. Therefore we consider whether the proffered evidence is to be treated any differently under the new rules.

The Michigan Rules of Evidence contain no tender years exception. See MRE 1978, 802, 803, 804, wherein the hearsay rule and the exceptions thereto are dealt with. Attempts to establish an exception for the testimony of Officer Visser elsewhere in the rules fail. MRE 1978, 801(d)(1) provides:

"(d) Statements which are not hearsay. A statement is not hearsay if—

"(1) *Prior statement of witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him." (Emphasis added.)

---

[1] *Woodward,* at 560, fn 5 contains the following definition of res gestae:

"*McCormick,* [Evidence] note·4, p 578, cites the following definition of *res gestae* from the case of *Allen v Mack* (1942), 345 Pa 407, 410 (28 A2d 783, 784):

" 'A *res gestae* declaration may be defined as a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.' "

Clarissa Palmer's testimony might be said, after cursory reading, to meet the standard of this rule. But the pertinent committee note declares:

"MRE 801(d)(1)(C) [now renumbered to be 801(d)(1)] is consistent with prior Michigan law in admitting *testimony by a witness as to his own prior statement of identification* of a person made after perceiving him. *People v Poe,* 388 Mich 611; 202 NW2d 320 (1972), *People v Londe,* 230 Mich 484; 203 NW 93 (1925)." (Emphasis added.) Proposed Michigan Rules of Evidence (West 1977 ed), p 55.

*People v Londe,* cited by the committee, approved testimony by two witnesses as to prior identification of the defendant and the circumstances surrounding such identification at police headquarters. As was previously observed, *People v Poe,* also cited by the committee, held that while a party may testify as to his or her prior identification of a defendant, a third party may not testify about another person's out-of-court identification.

Under the rule, therefore, as interpreted by the committee, and we believe correctly, while Clarissa Palmer could properly testify as to her own prior statement of identification, Officer Visser could not. In accord with the new Michigan Rules of Evidence, then, Visser's testimony is not admissible.[2]

---

[2] *See also People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), in which, in three separate opinions, members of the Supreme Court discuss prior identification and MRE 1978, 801(d)(1). As Justices KAVANAGH and LEVIN stated:

"MRE 801(d)(1) was not designed to permit testimony by persons other than the identifying witness."

Justices WILLIAMS, MOODY and COLEMAN apparently would allow some third-party identification testimony, as permitted by *Londe* and *Poe.* This seems to be consistent with the drafters' interpretation of MRE 801(d)(1) and with precedent. It suggests that the three justices do not find MRE 801(d)(1) to have opened up new doors for third-party identification testimony, as Justices RYAN and FITZGERALD find.

The order denying defendant's motion to quash is reversed. The information is quashed and the matter remanded to circuit court for appropriate further action.