PEOPLE v TURNER

Docket No. 57161. Submitted March 9, 1982, at Detroit.—Decided May 20, 1982.

Steven D. Turner was convicted of assault with intent to commit criminal sexual conduct involving sexual penetration and of violating the felony-firearm statute, Detroit Recorder's Court, Robert L. Evans, J. Defendant appeals alleging error occurred when a police officer was allowed to testify regarding the identification of the defendant by the complainant at a lineup, which testimony included the words used by the complainant.
*Held:*

The third party, the police officer, may testify as to the facts surrounding the identification including the fact of identification. In appropriate cases, like the present case, the third party may set forth the manner and words of the identifier.

Affirmed.

D. C. RILEY, P.J., concurred. She would hold that it was improper for the third party to testify as to what the complainant actually said at the lineup. However, she considers it to be harmless error since the same facts were shown by other competent evidence.

OPINION OF THE COURT

1. CRIMINAL LAW — IDENTIFICATION EVIDENCE — THIRD-PARTY TESTIMONY — RULES OF EVIDENCE.

Third-party testimony concerning prior identification of a criminal defendant is admissible as to the facts surrounding the identification including the fact of identification; in appropriate cases, the third party may set forth the manner and the words of the identifier (MRE 801[d][1]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 371, 373, 610.
Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[3] 29 Am Jur 2d, Evidence §§ 257, 493.

CONCURRENCE BY D. C. RILEY, P.J.

2. CRIMINAL LAW — IDENTIFICATION EVIDENCE — THIRD-PARTY TESTI-
   MONY — RULES OF EVIDENCE.

   *Third-party testimony concerning prior identification of a crimi-
   nal defendant should be confined to a narration of the circum-
   stances surrounding the identification and should not include
   any statement of the identification itself (MRE 801[d][1]).*

3. EVIDENCE — HEARSAY — HARMLESS ERROR.

   *The erroneous admission of hearsay testimony may be harmless
   where the same facts are shown by other competent evidence.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Michael F. Bakaian,*
Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and S.
EVERETT,* JJ.

S. EVERETT, J. The defendant was convicted of
assault with intent to commit criminal sexual
conduct involving sexual penetration, MCL
750.520g; MSA 28.788(7), and violation of the fel-
ony-firearm statute, MCL 750.227b; MSA 28.424(2).
He appeals as a matter of right.

Of those issues raised in the appeal, only one
merits discussion. This relates to testimony of a
police officer regarding the identification of the
defendant by the complainant at a lineup. The
officer testified that the defendant was identified.
Over objection, he was allowed to state the lan-
guage used by the complainant including her
words, "I'm positive".

MRE 801(d) reads, in part, as follows:

"A statement is not hearsay if—(1) Prior statement of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him."

The case of *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), was decided before the adoption of the Michigan Rules of Evidence. However, the question presented here was considered there. Three members of the Court held that not only could the identifier testify as to a prior identification but, under appropriate circumstances, so could a third party. They held that the question of allowing the third party, a police officer, to testify regarding the identification was one within the discretion of the trial court and should take into account whether the identification procedure was fair, unbiased and whether it involved a violation of the constitutional rights of the defendant.

Two justices held that prior identification should be limited to the testimony of the identifier and that testimony of third parties was inadmissible hearsay. They did state, however, that the third-party testimony is admissible insofar as offered to prove the facts and circumstances surrounding the identification, providing such facts and circumstances had independent relevance to the issues in the case. They stated, further, that with the adoption of the Michigan Rules of Evidence testimony by the third party should be admitted under certain limited circumstances.

The rule of evidence referred to above was adopted from the Federal Rules of Evidence. In the federal courts, it has been held that testimony by the identifier may be corroborated by third persons present at the identification. *United States v Lewis,* 565 F2d 1248 (CA 2, 1977), *cert den* 435 US 973; 98 S Ct 1618; 56 L Ed 2d 66 (1978). The

federal rule has also been interpreted to allow the
third party to state the basis of the identification.
*United States v Fritz,* 580 F2d 370 (CA 10, 1978),
*cert den* 439 US 947; 99 S Ct 340; 58 L Ed 2d 338
(1978).

It is clear, therefore, that the third party may at
least testify as to the facts surrounding the identi-
fication including the fact of identification. While
it is less clear, it appears that the proper applica-
tion of the rule of evidence permits, in appropriate
cases, the third party to set forth the manner and
words of the identifier.

We find no error in the admission of the dis-
puted testimony and affirm the convictions.

R. B. BURNS, J., concurred.

D. C. RILEY, P.J. *(concurring).* I write separately
to acknowledge my opinion in *People v Prophet,*
101 Mich App 618; 300 NW2d 652 (1980). On the
basis of *Prophet,* I would conclude that it was
improper for the officer to testify as to what the
complainant actually said. However, it is also the
law in Michigan that the admission of incompetent
hearsay testimony may be considered harmless
error where the same facts are shown by other
competent testimony. *People v Hoerl,* 88 Mich App
693; 278 NW2d 721 (1979). In this case, the com-
plainant had already testified as to defendant's
actions at the time in question and had identified
defendant in court. The officer's testimony, in light
of the other identification evidence, did not consti-
tute reversible error.