PEOPLE v BEAM

Docket No. 58723. Submitted February 1, 1983, at Detroit.—Decided
    April 8, 1983. Leave to appeal denied, 418 Mich 858.
Gary W. Beam was convicted of first-degree criminal sexual
    conduct, armed robbery and felony-firearm, Wayne Circuit
    Court, William J. Giovan, J. At trial, both the victim and a
    police officer testified to prior out-of-court identification of the
    defendant by the victim. Defendant appealed. *Held:*
        1. Defendant objected to the testimony of the police officer.
    Testimony of third parties who witness out-of-court identifica-
    tions is admissible where the identifier also testifies and is
    subject to cross-examination concerning the identification.
        2. A defendant is not subjected to double jeopardy by being
    convicted of first-degree criminal sexual conduct, armed rob-
    bery and felony-firearm where he was charged with first-degree
    criminal sexual conduct both on the theory that it was perpe-
    trated during the commission of an armed robbery and on the
    theory that at the time of its commission he was armed with a
    weapon.
        Affirmed.

1. EVIDENCE — IDENTIFICATION TESTIMONY — THIRD PARTIES — RULES
    OF EVIDENCE.
    Testimony of third parties who witness out-of-court identifications
    is admissible where the identifier also testifies and is subject to
    cross-examination concerning the identification (MRE 801[d][1]).

2. CRIMINAL LAW — DOUBLE JEOPARDY — RAPE — ARMED ROBBERY —
    FELONY-FIREARM.
    A defendant is not subjected to double jeopardy by being con-
    victed of first-degree criminal sexual conduct, armed robbery
    and felony-firearm where he was charged with first-degree
    criminal sexual conduct both on the theory that it was perpe-

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 371, 372.
  Admissibility of evidence as to extrajudicial or pretrial identifica-
    tion of accused. 71 ALR2d 449.
[2] 21 Am Jur 2d, Criminal Law § 266 *et seq.*

trated during the commission of an armed robbery and on the theory that at the time of its commission he was armed with a weapon.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Nora J. Pasman),* for defendant on appeal.

Before: D. F. WALSH, P.J., and BEASLEY and T. R. THOMAS,* JJ.

PER CURIAM. Defendant, Gary Wayne Beam, was charged with first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was tried by jury and convicted on all charges. The criminal sexual conduct charge was presented on two theories, sexual penetration under circumstances involving an armed robbery, § 520b(1)(c), and sexual penetration while armed with a weapon, § 520b(1)(e). The jury was instructed on both theories but did not specify in its verdict the theory under which defendant was found guilty.

The only witness to the crime was the victim, Robin Chudyke, the night clerk at the 7-11 Store where the criminal events took place. The defense was alibi. The only issue, therefore, was the identity of the perpetrator of the crime.

Ms. Chudyke assisted Detective Robert Grogitski

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in making a composite drawing of her assailant by selecting samples of facial features. She then picked defendant's picture from a book containing several hundred photographs and advised that the person depicted looked like her assailant. Finally, she identified defendant as her assailant in a lineup.

At trial Ms. Chudyke positively identified the defendant and described her prior identifications. Detective Grogitski also testified as to the circumstances of Ms. Chudyke's prior photo and lineup identifications. Included in the detective's testimony was the statement that Ms. Chudyke became hysterical and nearly collapsed when she saw the defendant at the lineup.

On appeal, defendant argues that the testimony of Detective Grogitski relating to the victim's out-of-court identifications was inadmissible hearsay since it went beyond the facts and circumstances of the identification and related to the nature and quality of the identification. *People v Poe,* 388 Mich 611; 202 NW2d 320 (1972). We disagree.

MRE 801(d)(1) provides as follows:

"(d) Statements which are not hearsay. A statement is not hearsay if—

"(1) Prior statement of witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him * * *."

Whether this rule applies only to the testimony of the identifier as to prior out-of-court identifications or also to third parties who witness the prior identifications is a question which has not been settled definitively in this state. See *People v Gwinn,* 111 Mich App 223, 245; 314 NW2d 562

(1981). In our judgment, the rule reflects the trend in the law to admit evidence of a prior statement by a witness who is subject to cross-examination at trial. As the United States Supreme Court observed in *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967):

"2. There is a split among the States concerning the admissibility of prior extrajudicial identifications, as independent evidence of identity, both by the witness and third parties present at the prior identification. See 71 ALR2d 449. It has been held that the prior identification is hearsay, and, when admitted through the testimony of the identifier, is merely a prior consistent statement. The recent trend, however, is to admit the prior identification under the exception that admits as substantive evidence a prior communication by a witness who is available for cross-examination at trial. See 5 ALR2d Later Case Service 1225-1228." 388 US 272, fn 3.

The position taken by Justice RYAN in his concurring opinion in *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), is consistent with the trend referred to in *Gilbert.* In *Sanford,* Justice RYAN held that third-party identification testimony which "went beyond the limited range of facts and circumstances of the identification setting" and which was therefore inadmissible under *People v Poe, supra,* prior to adoption of MRE 801(d)(1), was nevertheless admissible in the discretion of the trial court after the adoption of MRE 801(d)(1) under the limited circumstances provided in that rule. In *Sanford,* Justice RYAN commented at pp 497-498:

"Nonetheless, as indicated by the adoption of MRE 801(d)(1), this Court is now persuaded that testimony of

the kind found inadmissible in *Poe* * * * should be admitted under certain limited circumstances.

"Recognizing that identification testimony has peculiar strengths and weaknesses, including those discussed by my Brother WILLIAMS in *Poe, supra,* the Court has subscribed to the view of most commentators on the law of evidence, as well as the Congress and the United States Supreme Court, that a special rule should be carved out for the admissibility of extrajudicial statements of identification. In adopting MRE 801(d)(1), the Court implicitly acknowledges, in addition, that the hearsay character and cumulative effect of the testimony of a third person to an out-of-court identification, as well as that given by the identifier himself, is not so inherently prejudicial that it must necessarily be excluded in all cases. Our new rule, like its Federal counterpart, FRE 801(d)(1)(C), allows the introduction of such testimony so long as the identifier testifies at trial and is subject to cross-examination concerning the statement of identification. It is thought that the possible prejudicial impact of the cumulative effect of such testimony should be mitigated by the opportunity for cross-examination of the declarant which is made a condition for the admission of the testimony."

We are persuaded that Justice RYAN's concurring opinion in Sanford properly interprets MRE 801(d)(1) and we adopt as our own the reasoning of that opinion. See also *People v Adams,* 92 Mich App 619; 285 NW2d 392 (1979).

In this case both Ms. Chudyke and Detective Grogitski testified at trial and were subject to extensive cross-examination as to the in-court and extrajudicial identifications of the defendant. Defendant had the opportunity to explore fully all of the facts and circumstances of those identifications. After carefully reviewing all of the identification testimony, as well the arguments relating thereto by the prosecutor and defense counsel, we find that no undue prejudice resulted to the

defendant from the introduction of this testimony or the argument thereon. There was no abuse of discretion on the part of the trial court in admitting the evidence and defendant was not deprived of his constitutional right to a fair trial.

We have considered defendant's remaining arguments relating to remarks made by the prosecutor in final argument and find no reversible error.

Finally, we reject defendant's contention that he was subjected to double jeopardy by being convicted of both first-degree criminal sexual conduct and armed robbery. Defendant's premise is that he cannot be convicted of both criminal sexual conduct and the underlying felony which raised that crime to the level of first degree. *People v Peete,* 102 Mich App 34; 301 NW2d 53 (1980). However, defendant was also charged with first-degree criminal sexual conduct on the theory that he was armed with a weapon. The victim's version of the criminal event supports conviction under that theory. Although the jury did not specify in its verdict the theory under which it found defendant guilty, there was no version of the facts presented to the jury other than that related by the victim. That version was uncontroverted. The defense was alibi and the only issue was the identity of the perpetrator of the crime. It would be absurd to conclude that the jury found defendant guilty of all three charges but did not believe the victim's uncontested testimony as to the manner in which the crime was committed.

The defendant's convictions are affirmed.