IN THE MATTER OF DAVIS

Docket No. 95062. Submitted November 19, 1987, at Lansing. Decided
      March 7, 1988.

      Sean Davis, a minor, was found guilty of one count of felonious
      assault by a referee of the Wayne County Probate Court,
      Juvenile Division. His petition for review was heard in the
      Wayne County Probate Court, Juvenile Division, by Y. Gladys
      Barsamian, J. The reviewing judge affirmed the findings of the
      referee. Sean Davis appealed.

      The Court of Appeals *held:*

      1. The trial court did not err in refusing to allow certain
      testimony by Davis' father.

      2. Davis was not denied effective assistance of counsel.

      Affirmed.

1. EVIDENCE — APPEAL — PRESERVING QUESTION.

      Error may not be predicated on a ruling that admits or excludes
      evidence unless a substantial right of a party is affected and a
      timely objection is made (MRE 103).

2. EVIDENCE — APPEAL — PRESERVING QUESTION.

      Objections to a ruling that admits or excludes evidence which are
      based on one ground are insufficient to preserve an appellate
      attack based on different grounds.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

      A two-part standard of review is applicable to ineffective-assis-
      tance-of-counsel claims; first, trial counsel must overall perform
      at least as well as a lawyer with ordinary training and skill in
      the criminal law and must conscientiously protect his client's
      interests, undeflected by conflicting considerations; under this

REFERENCES

Am Jur 2d, Appeal and Error §§ 549, 553, 601 *et seq.; Criminal Law*
      *§ 985.*

When is attorney's representation of criminal defendant so deficient
      as to constitute denial of federal constitutional right to effective
      assistance of counsel—Supreme Court cases. 83 L Ed 2d 1112.

Modern status of rules and standards in state courts as to adequacy
      of defense counsel's representation of criminal client. 2 ALR4th
      27.

first part of the test, the harmless-error rule is not applied; even if counsel performed adequately under the first part of the test, a defendant could be denied a fair trial if, under the second part of the test, his attorney makes a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

*John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of the Criminal Division, Research, Training and Appeals, and *Susan Randolph*, Assistant Prosecuting Attorney, for the people.

*Carolyn A. Blanchard*, for Sean Davis.

Before: M. J. KELLY, P.J., and G. R. MCDONALD and J. D. PAYANT,* JJ.

J. D. PAYANT, J. A referee of the Wayne County Probate Court, Juvenile Division, found appellant guilty of one count of felonious assault. Appellant was made a temporary ward of the court and placed on probation in his parents' home. Appellant's petition for review was heard by a judge of the Wayne County Probate Court, Juvenile Division. The reviewing judge affirmed the findings of the referee. Appellant appeals as of right.

Appellant and Cordell Johnson were each charged with one count of felonious assault against Dwaine Campbell and one count of felonious assault against Greg Nelson. Campbell and Nelson testified that appellant and Johnson started a fight with them. Appellant approached Nelson from behind and held a baseball bat across Nelson's neck while Johnson hit Nelson.

Campbell testified that he ran to the side door of his house which was on the corner. Somebody pushed him from behind into the door. When

* Circuit judge, sitting on the Court of Appeals by assignment.

Campbell turned around, he saw appellant and another person. As a result of being pushed through the door, Campbell cut his arm and required thirteen stitches.

Campbell testified that he did not know who pushed him through the door. However, several witnesses said that a tall person named Al chased Campbell up to Campbell's house and pushed him through a door. Appellant said that he had subpoenaed Alonzo Garvin to appear, but he had not appeared. Appellant asked that the court issue a writ of apprehension. However, appellant's attorney later informed the court that he had spoken to appellant and his parents and they were willing to waive the presence of Alonzo Garvin.

Appellant's father testified that when he received notice to appear in court, he and appellant went to Campbell's house to talk about the incident. They met with Campbell and Nelson. A hearsay objection was made, and appellant argued that the testimony fell within the hearsay exception for a statement made against interest. The objection was sustained, and appellant's father was not allowed to testify as to any conversation that took place at Campbell's house.

The referee granted Johnson a partial directed verdict as to the count alleging the felonious assault of Campbell. The referee said there was no evidence that Johnson had pushed Campbell through the door. A motion to dismiss both counts against appellant was denied. However, appellant was found guilty of only one count of felonious assault, committed against Nelson by holding the baseball bat against Nelson's neck while Johnson hit Nelson.

Appellant's first argument is that the trial court erred in refusing to allow the testimony of appellant's father. Although not reflected in the record,

appellant argues on appeal that his father would have testified that Campbell and Nelson were unable to identify appellant prior to the first court date. Error may not be predicated on a ruling that admits or excludes evidence unless a substantial right of a party is affected and a timely objection is made. MRE 103. Objections based on one ground are insufficient to preserve an appellate attack based on different grounds. *Harvey v Security Services, Inc,* 148 Mich App 260; 384 NW2d 414 (1986), lv den 425 Mich 863 (1986); *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615; 329 NW2d 760 (1982).

In the present case, appellant argued at trial that the testimony was admissible under the exception to the hearsay rule for statements contrary to the declarant's interest. The trial court did not err in sustaining the objection. The declarant must be unavailable as a prerequisite to applying the statement against interest exception contained in MRE 804(b)(3).

However, on appeal, appellant challenges the ruling on the basis that the testimony is not hearsay because it is an admission of a party-opponent under MRE 801(d)(2). A challenge on this basis was not made at trial and is therefore not preserved for appellate review. Moreover, a substantial right is not affected by the referee's ruling. In addition, neither Campbell nor Nelson are party-opponents under MRE 801(d)(2), as a witness in a criminal proceeding is not a party unless the witness is a defendant. *People v Margaret Jones,* 48 Mich App 334; 210 NW2d 396 (1973), lv den 391 Mich 785 (1974). Numerous witnesses testified that they knew Sean and they saw him in the group of people who were fighting. There was no significant issue of identification with regard to who held the baseball bat across Nelson's neck. The identifica-

tion issue pertained to who pushed Campbell through the door. Appellant was found not guilty of the charges pertaining to Campbell because the referee noted that there was no evidence as to who pushed Campbell through the door. Therefore, appellant's father's testimony would have been of little value.

Appellant's second argument is that he was denied effective assistance of counsel because his attorney failed to question Campbell and Nelson about their ability to identify appellant. In *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977), our Supreme Court established a two-part standard of review for ineffective-assistance-of-counsel claims. First, trial counsel must overall "perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations." 398 Mich 264. Under this first part of the test, the harmless-error rule is not applied. *People v Jenkins,* 99 Mich App 518; 297 NW2d 706 (1980). Even if counsel performed adequately under the first part of the test, a defendant could be denied a fair trial if, under the second part of the test, his attorney makes a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal. 398 Mich 266.

We cannot say that appellant's counsel failed to perform adequately under either part of the *Garcia* test. Appellant's attorney did pursue the issue of whether anyone had seen appellant push Campbell through the door. Counsel's efforts in this regard were apparently successful since appellant was found not guilty with regard to the charges pertaining to Campbell. As discussed above, the identification issue was not significant with respect to the charges pertaining to Nelson. Therefore,

appellant's counsel neither fell below the standard of ordinary training and skill nor made a serious mistake in failing to question complainants about their ability to identify appellant.

Appellant's third argument is that he was denied effective assistance of counsel because his attorney failed to require the court to apprehend Alonzo Garvin. However, appellant's attorney stated on the record that he was waiving the presence of Alonzo Garvin with the consent of his client. Moreover, Alonzo Garvin was implicated as the person who may have pushed Campbell through the door. His testimony with regard to the offense committed against Nelson would probably have been of no greater value than the testimony of the numerous other witnesses who testified for appellant. Therefore, appellant's attorney neither fell below the standard of ordinary training and skill nor made a serious mistake.

The trial court's affirmance of the decision of the referee is affirmed.

Affirmed.