PEOPLE v MICHAEL

Docket No. 105960. Submitted April 13, 1989, at Detroit. Decided
    November 20, 1989.

Marquelo Michael was convicted of second-degree murder and
    armed robbery and sentenced to a term of 100 to 150 years on
    each conviction, Recorder's Court of Detroit, M. John Shamo, J.
    Defendant appealed, alleging error in the lineup procedure in
    which defendant was identified, in allowing a third party to
    testify to statements made by the identifier at a lineup and in
    defendant's sentence.

The Court of Appeals *held:*

1. A person is arrested when, by means of physical force or
    show of authority, his freedom of movement is restrained. The
    trial court did not clearly err in finding that defendant was not
    under arrest at the time of the lineup.

2. MRE 801(d)(1) does not permit the admission of third-party
    testimony concerning prior identification of the defendant as an
    exception to the hearsay rule. However, the admission of such
    testimony in this case was harmless error.

3. Defendant must be resentenced because his sentence vio-
    lated the dictates of *People v Moore,* 432 Mich 311 (1989).

Affirmed and remanded for resentencing.

Gribbs, P.J., concurred in the result but wrote separately to
    express his belief that MRE 801(d)(1) allows a third party to
    testify concerning the identification of a defendant at a lineup.

1. Evidence — Appeal — Preserving Question.
    Objections to a ruling that admits or excludes evidence which are
        based on one ground are insufficient to preserve an appellate
        attack based on different grounds.

2. Criminal Law — Identification Evidence — Third-Party Testi-
        mony — Rules of Evidence.
    Third-person testimony concerning prior identification of a crimi-

References

Am Jur 2d, Criminal Law §§ 802, 952.

See the Index to Annotations under Appeal and Error; Description
    and Identification; Hearsay; Lineups; Preserving Questions for
    Appeal.

nal defendant should be confined to a narration of the circumstances surrounding the identification and should not include any statement of the identification itself (MRE 801[d][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: GRIBBS, P.J., and MURPHY and NEFF, JJ.

NEFF, J. Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, and armed robbery, MCL 750.529; MSA 28.797. Defendant was sentenced to a term of 100 to 150 years on each conviction. Defendant appeals as of right. We affirm but remand for resentencing.

I

Defendant's convictions arose out of the robbery-murder of seventeen-year-old Latonia Graham. Latonia's mother found Latonia's body in her ransacked bedroom. Latonia had been stabbed twenty times in her eyes, face, jaw, neck and back. Her spinal cord and left lung were damaged, and she had massive internal bleeding. There were fingernail marks on her neck, and a small bone near her Adam's apple was broken. A video cassette recorder and a hunting knife were missing.

II

Defendant's first issue on appeal is whether his lineup identification and a statement made prior

to the lineup should have been suppressed as the product of an illegal arrest. We note that, while defendant objected below to admission of his statement, he did not challenge admission of the lineup identification. Objections raised on one ground are insufficient to preserve an appellate attack based on different grounds. *In re Davis,* 166 Mich App 735, 738; 420 NW2d 872 (1988).

This Court will not disturb a trial court's ruling at a suppression hearing unless that ruling is clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). The trial court here did not clearly err in finding that defendant was not under arrest at the time of the lineup. An investigating officer asked the fifteen-year-old defendant and his mother if they would talk to him about the homicide and they agreed. The officer testified at the suppression hearing that there was no information that defendant had committed the crime but that the name "Mark" had come up in the investigation and he wanted to see whether defendant was that person. Defendant volunteered an exculpatory statement and, as he was leaving, agreed to participate in a lineup. Defendant's mother had no objection to a lineup. At the subsequent lineup, the decedent's sister identified defendant as the person she last saw with decedent. Defendant, accompanied by his mother, was told that he was a suspect and was advised of his constitutional rights.

A person is arrested when, by means of physical force or show of authority, his freedom of movement is restrained. *United States v Mendenhall,* 446 US 544, 553; 100 S Ct 1870; 64 L Ed 2d 497 (1980); *People v O'Neal,* 167 Mich App 274, 280; 421 NW2d 662 (1988). Under the circumstances of this case, we believe that a reasonable person

would have believed he was free to leave prior to the lineup identification.

### III

Next, defendant contends that the trial court erred by allowing Officer Gerds to testify concerning statements made by the identifying witness at the lineup. We first note that this issue was not properly preserved for our review by either objection or request for a curative instruction at trial. Because of the uncertainty of the status of the law on this point, however, we believe that we should address the issue.

### A

The controversy here surrounds the applicability of MRE 801(d)(1) to the admissibility of testimony concerning identification. The rule provides in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if—
> (1) Prior Statement of Witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him[.]

### B

The question is whether the rule removes only the testimony of the *identifier* from the hearsay category or whether a third party may testify concerning the out-of-court statement of identification by the identifier.

In *People v Dixon,* 161 Mich App 388, 395-396; 411 NW2d 760 (1987), Judge MACKENZIE succinctly described the split of authority that has developed with regard to the scope of the rule:

> Some panels have held that while MRE 801(d)(1) allows the declarant (in this case, the victim) to testify as to his or her prior identification of a defendant, it does not allow a third party to testify about the declarant's identification of defendant; however, it does allow the third party to testify about the facts and circumstances surrounding that prior identification. . . . Other panels have held that MRE 801(d)(1) allows a third party to testify concerning an identification of a defendant at a lineup. [Citations omitted.]

In *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), our Supreme Court split three ways on the issue. In *People v Prophet,* 101 Mich App 618; 300 NW2d 652 (1980), then Judge, now Chief Justice, RILEY wrote for the panel. Her opinion notes that the three separate opinions of the *Sanford* case analyze the impact of MRE 801(d)(1) on prior Michigan law concerning the admissibility of third-party identification testimony. *Prophet, supra,* pp 621-623. Her conclusion was as follows:

> In the wake of *Sanford,* perhaps all that can be said is that the exact parameters of MRE 801(d)(1) on third-party identification testimony remain unsettled. This Court, nevertheless, has previously rejected the prosecutor's argument that MRE 801(d)(1) excludes the statements at issue from the definition of hearsay. *People v Hoerl,* 88 Mich App 693, 701-702 n 5; 278 NW2d 721 (1979); *People v Washington,* 84 Mich App 750, 755-756; 270 NW2d 511 (1978). Although the rule has been interpreted as permitting a witness to testify concerning his or her own identification, this Court has not yet held that the rule allows a third party to testify con-

cerning the identification of another. *Cf., People v Adams,* 92 Mich App 619; 285 NW2d 392 (1979). [*Prophet, supra,* p 623.]

No Supreme Court case after *Sanford* has discussed the issue.

C

We hold that MRE 801(d)(1) does not apply to the testimony of a third party concerning the statement of identification by the identifier. This is classic hearsay testimony, and the rule does not create an express exception to the hearsay rule for third-party testimony. A third party's testimony should be limited to the facts and circumstances surrounding the identification, as has long been the rule in Michigan. *People v Londe,* 230 Mich 484; 203 NW 93 (1925); *People v Poe,* 388 Mich 611; 202 NW2d 320 (1972); *Prophet, supra,* p 624.

D

The question then becomes whether the admission of such third-party testimony in violation of the hearsay rule can be found to be harmless.

The danger in the admission of such third-party testimony lies in the situation where the identification of the defendant by a victim or witness is all or substantially all of the evidence to convict and credibility of the identifier is a crucial question. In those circumstances, there is the strong possibility of improper bolstering by a third party of the identification testimony. Indeed, it is difficult to imagine any reason for the introduction of the third-party testimony other than to bolster the identification.

In *Prophet,* the panel held that third-party testi-

mony regarding prior identification should be limited to the circumstances surrounding the identification, and a third party should not be permitted to repeat the statement of identification. The opinion goes on to say:

> This is especially true where, as here, a central issue at trial is identification and where the third party is a police officer, whose testimony may be given undue weight by the jury. [*Prophet, supra,* p 624.]

The testimony in this case is a good example of the bolstering effect of the third-party witness. After the testimony and cross-examination of the identifying witness, a six-year-old child, Officer Gerds testified about the events of the lineup at which defendant had first been identified:

> *A. [Officer Gerds]*: Autumn Diggs started jumping up and down and pointing her finger, was banging against the glass and she was saying, "there he is, there he is," something like, "dare he is, dare he is."
>
> *Q. [Mr. Simowski]*: And she identified Marquelo Michael, is that correct?
>
> *A.* She identified Mr. Michael as Mike.

E

In this case, while the testimony of the officer improperly bolstered the identification by the young witness, the error was harmless under the test announced in *People v Oliver,* 111 Mich App 734, 757; 314 NW2d 740 (1981), lv den 414 Mich 970 (1982).

There was ample evidence that defendant had been at the home of the victim on the day of the

murder and robbery and that he had been there on prior occasions. Defendant's fingerprint was found in the room where the murder and robbery took place.

When defendant was first questioned about the murder and robbery, he denied knowing the victim or ever being at her home. However, after being identified in the lineup, he recanted his exculpatory statement, acknowledging that he had previously known the victim, and admitting to being alone with her at the home on the day the crimes were committed. He also admitted being in the bedroom that day, but only after it was suggested that a fingerprint had been found. However, no one mentioned *where* in the house the fingerprint had been found and, apparently, defendant assumed that it had been found in the bedroom, where he knew he had been and where the crimes had been committed.

The testimony and evidence in this case were such that, had the improper hearsay testimony of Officer Gerds not been admitted, it is not reasonably possible that any juror would have voted to acquit. Neither was the error in admitting the testimony so offensive to the maintenance of a sound judicial system that reversal is required. *Oliver, supra,* pp 757-758.

Accordingly, we conclude that harmless error occurred even though Officer Gerds' testimony amounted to inadmissible hearsay bolstering of the identification testimony.

IV

Finally, defendant argues that his sentence of 100 to 150 years was excessive.

This was a particularly brutal crime as noted by the trial judge. Nevertheless, the sentence of 100

to 150 years violates the dictates of *People v
Moore,* 432 Mich 311; 439 NW2d 684 (1989). Accordingly, we remand this case for resentencing.

Affirmed, but remanded for resentencing. We do
not retain jurisdiction.

MURPHY, J., concurred.

GRIBBS, P.J. *(concurring).* I concur in the result
but write separately to indicate my agreement
with the line of cases which have held that MRE
801(d)(1) allows a third party to testify concerning
an identification of a defendant at a lineup. See
*People v Beam,* 125 Mich App 289; 335 NW2d 684
(1983), lv den 418 Mich 858 (1983), reh den 418
Mich 858 (1984); *People v McConnell,* 124 Mich
App 672, 679-680; 335 NW2d 226 (1983); *People v
Turner,* 116 Mich App 421; 323 NW2d 425 (1982);
*People v Adams,* 92 Mich App 619; 285 NW2d 392
(1979), lv den 408 Mich 890 (1980).

I am persuaded by Justice RYAN's concurring
opinion in *People v Sanford,* 402 Mich 460, 493-
498; 265 NW2d 1 (1978), in which he considers the
history of MRE 801(d)(1):

> Nonetheless, as indicated by the adoption of
> MRE 801(d)(1), this Court is now persuaded that
> testimony of the kind found inadmissible in *[People v] Poe* [388 Mich 611; 202 NW2d 320 (1972)],
> and the kind described in footnote 1, should be
> admitted under certain limited circumstances.
> Recognizing that identification testimony has
> peculiar strengths and weaknesses, including those
> discussed by my Brother Williams in *Poe, supra,*
> the Court has subscribed to the view of most
> commentators on the law of evidence, as well as
> the Congress and the United States Supreme
> Court, that a special rule should be carved out for
> the admissibility of extrajudicial statements of
> identification. In adopting MRE 801(d)(1), the

Court implicitly acknowledges, in addition, that the hearsay character and cumulative effect of the testimony of a third person to an out-of-court identification, as well as that given by the identifier himself, is not so inherently prejudicial that it must necessarily be excluded in all cases. Our new rule, like its Federal counterpart, FRE 801(d)(1)(C), allows the introduction of such testimony so long as the identifier testifies at trial and is subject to cross-examination concerning the statement of identification. It is thought that the possible prejudicial impact of the cumulative effect of such testimony should be mitigated by the opportunity for cross-examination of the declarant which is made a condition for the admission of the testimony. [*Sanford,* 402 Mich 497-498.]

In this case, both the identifier and the officer testified at trial and were subject to cross-examination. I would find that the trial court did not abuse its discretion in determining the officer's testimony admissible under MRE 801(d)(1).